IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-21677-KMM[1]

ASSOCIATES REHABILITATION
RECOVERY, INC.,

    Plaintiff,

vs.

HUMANA MEDICAL PLAN, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (ECF No. 25). Plaintiff filed a Response (ECF No. 40). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons set forth below, the Court now GRANTS Defendant's Motion to Dismiss.

**I.**    **BACKGROUND**

The Medicare program was enacted as Title XVIII of the Social Security Act. 42 U.S.C. § 1395 et seq. (2014). By enacting the Medicare program, Congress established a federally subsidized health insurance system administered by the Secretary of the Department of Health and Human Services ("DHHS"). Def.'s Notice of Removal, at 4. Under the Medicare system, enrollees may elect to enroll in Medicare Part A and B, which is referred to as the "original

---

[1] This case has been consolidated with Nos. 14-cv-21679, 14-cv-21680, 14-cv-21682, 14-cv-21684, 14-cv-21685, 14-cv-21686, 14-cv-21687, and 14-cv-21688.

Medicare fee-for-service program." Def.'s Mot. to Dismiss, at 4. Alternatively, Medicare enrollees may elect to enroll in a Medicare Part C plan, which is intended to provide an alternative to the traditional fee-for-service model. Def.'s Notice of Removal, at 4–5. Medicare Part C is known as "Medicare Advantage," and the insurers that administer it are known as "MA organizations." Id. Each MA organization must enter into a contract with the Centers of Medicare & Medicaid Services ("CMS"), a division of DHHS. Id. at 1, 5. Defendant Humana Medical Plan, Inc. ("Humana") is an MA organization that contracted with CMS to provide Medicare benefits under Part C of the Medicare Act to enrollees in its Medicare Advantage plans. Id. at 2; Aff. of Joyce King, at 2 (ECF No. 1-2).

Associates Rehabilitation, Inc. ("Associates") entered into a contract with Humana, referred to as the "Ancillary Provider Participation Agreement" ("Provider Agreement"), to provide therapy rehabilitation services to enrollees of Humana's insurance plans. Def.'s Mot. to Dismiss, at 2; Aff. of Joyce King, at 4–41. Associates provided services to several enrollees of Humana's Medical Advantage plans, and submitted claims to Humana for those services. Def.'s Mot. to Dismiss, at 3. Humana denied the relevant claims as not medically necessary, determining that particular services were not covered under the Medicare Act or the enrollee's Medicare Advantage plan. Id. at 4.

On April 17, 2014, Plaintiff filed an action against Humana in the Eleventh Judicial Circuit in Miami-Dade County, Florida, seeking damages and a declaratory judgment, pursuant to Chapter 86, Florida Statutes, stating that Humana inappropriately applied certain payment reductions not set forth in the agreement with the insured and with the provider when it denied

2

payment for medical services it deemed medically unnecessary.[2]  Compl., at 3; Def.'s Notice of Removal, at 3.  All of the relevant claims were made by members of Medicare Advantage plans sponsored by Humana.  Decl. of Crystal Stinson, at 2 (ECF No. 26-1).

On May 7, 2014, Defendant filed a Notice of Removal, wherein Defendant alleged that this action is removable pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  On July 1, 2014, Defendant filed a Motion to Dismiss, maintaining that because the services were rendered to Medicare beneficiaries and the suit seeks to require payment of Medicare benefits for those services, Plaintiff is required to exhaust the administrative remedies of the Medicare Act.  Mot. to Dismiss, at 1.  As Plaintiff has failed to do so, Defendant maintains that this Court lacks subject matter jurisdiction over the dispute and the claims must be dismissed.  Id.  As alternate grounds for dismissal, Defendant maintains that Plaintiff's state law claims are preempted by the express preemption provision of the Medicare Act, id. at 13, and under the conflict preemption doctrine, id. at 15.

## II.     LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  Dismissal for failure to state a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[2] Plaintiff is an assignee of the provider, Associates Rehabilitation, Inc.  Compl., at 2 (ECF No. 1-1).

### III. ANALYSIS

#### a. Federal Officer Removal Jurisdiction

The Court first must determine whether the matter was properly removed to this Court. In its Notice of Removal, Defendant alleged that this action is removable pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The federal officer removal statute permits removal of any action against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension and punishment of criminals or the collection of revenue.

28 U.S.C. §1442(a)(1). A private party seeking to remove under the federal officer removal statute must satisfy four criteria: (i) it must be a person; (ii) it must be acting under a federal officer or agency; (iii) it must be sued for actions under color of such office; and (iv) it must have a colorable federal defense. 28 U.S.C. § 1441(a)(1).

Here, the action was properly removed to this Court. First, a corporation constitutes a person for the purposes of determining whether federal officer removal jurisdiction exists. See 1 U.S.C. § 1. Second, a defendant meets the requirement of "acting under the direction of a federal agency or officer by showing that the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations." McMahon v. Presidential Airways, 410 F. Supp. 2d 1189, 1196 (M.D. Fla. 2006) (internal quotation marks omitted). Defendant contracted with CMS to administer Medicare benefits on behalf of the federal government for Medicare enrollees in the Medicare Advantage plans offered by Defendant. Aff. of Joyce King, at 2. Defendant operates pursuant to this contract and pursuant to comprehensive regulations promulgated by CMS. See, e.g., 42 C.F.R. §

422.504 (2014).  Accordingly, Defendant was acting on behalf of CMS when it denied the Medicare benefits at issue here.  Third, Plaintiff's claims concern Defendant's denial of payments, payments which it denied pursuant to its authority and obligations under federal law.  Finally, Defendant has colorable defenses to Plaintiff's claim, which will be discussed in more detail below.  Therefore, federal officer removal jurisdiction is appropriate in this case.

### b. Exhaustion of Administrative Remedies Under the Medicare Act

A lawsuit which seeks to recover on any claim "arising under" the Medicare Act must first be brought through the DHHS administrative appeals process before it can be taken to federal court.  Lifestar Ambulance Serv., Inc. v. HHS, 365 F.3d 1293, 1296 (11th Cir. 2004); Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778–79 (11th Cir. 2002).  "This nearly absolute channeling requirement serves important governmental interests in administrative efficiency and judicial economy, and assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes."  Lifestar, 365 F.3d at 1296 (internal quotation marks omitted).  Claims presented under state law may be construed as "arising under" the Medicare Act if (1) the standing and substantive basis for presentation of the claim are the Medicare Act, or (2) a claim is inextricably intertwined with a claim for reimbursement of medical benefits.  Heckler v. Ringer, 466 U.S. 602, 606, 623.

Plaintiff argues that this claim does not "arise under" the Medicare Act, as the claim relates to provisions of a private contract.  Plaintiff maintains that no patient has been denied Medicare benefits, the federal government is not a party to this action, and the services in question were provided under "an HMO provider contract" between Plaintiff and Defendant.  Plaintiff argues that the decision in RenCare, Ltd. v. Humana Health Plan of Texas, Inc., 395 F.3d 555 (5th Cir. 2004), is binding on this Court and directly addresses the question of whether

disputes related to treatment of Medicare beneficiaries arise under the Medicare Act where a medical provider has a private contract with a Medicare Advantage organization. Plaintiff contends that as the patient was covered under a contract between Associates and Humana, the contract governs, and any claims do not arise under the Medicare Act.

The Court first notes its confusion over Plaintiff's persistent claim that RenCare constitutes binding authority here. RenCare was handed down by the Fifth Circuit in 2004, and therefore clearly is not binding on this Court. See Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir.1981) (holding that decisions by the Fifth Circuit handed down prior to the Eleventh's Circuit's split from the Fifth Circuit in 1981 are binding on the Eleventh Circuit).

Additionally, RenCare is distinguishable from the facts here in several ways. First, the Fifth Circuit rationale in RenCare relied on the regulatory system in effect at that time, which was subsequently replaced with a new framework which changed the way that MA organizations are paid. 42 U.S.C. § 1395w-24(a)(1)(A) (2014). Under the new framework, MA organizations must now submit a bid estimating its costs for the following year. Decisions on whether payments should or should not be made affect the estimated medical expenses for the following year, which in turn affect the government's savings and the enrollee's premiums and benefits received. Therefore, the way in which claims for benefits are resolved will have a financial impact on the government and enrollees. Second, the fact that Plaintiff and Defendant had a separate contract does not preclude Plaintiff from its requirement to exhaust administrative remedies. The Provider Agreement did not contain any provisions excusing Plaintiff from exhausting the Medicare appeals process. In fact, the Provider Agreement states that the provider agreed "to accept the terms and conditions set forth in [the Provider] Agreement as they

apply to . . . Medicare HMO plans, Medicare POS Plans, Medicare Supplement/Select Plans [and] Other Medicare Plans." Aff. of Joyce King, at 32.

Here, Plaintiff's claims are inextricably intertwined with a claim for reimbursement of medical benefits. Associates, a health care provider, provided medical treatment to Medicare enrollees and is now seeking reimbursement for services rendered to those enrollees. However, under its contract with CMS, Humana may pay Medicare benefits only for medically necessary services. Specifically, pursuant to the terms of the Provider Agreement, Humana agreed to pay only for "Covered Services," defined as "health care services for Members, in accordance with this Agreement and the applicable Member health benefit contracts." Aff. of Joyce King, at 9. The "applicable member health benefits contracts" in this case are Medicare Advantage plans. Therefore, the determination of whether services are considered medically necessary requires an analysis of the enrollee's Medicare Advantage plan documents, and must first be reviewed through the Medicare appeals process.

While Plaintiff frames its Complaint as seeking a declaratory judgment that Defendant is not entitled to utilize certain payment reductions, this does not change the character of the Complaint. Defendant's decisions to deny claims were dependent on compliance with the Medicare Act. Therefore, Plaintiff's claim arises under the Medicare Act. Accordingly, only after Plaintiff has exhausted the administrative process may Plaintiff file a civil action in a federal district court. 42 C.F.R. § 422.612(a) (2014).

As the Court finds that dismissal without prejudice is appropriate in order to allow Plaintiff to pursue its administrative remedies, the Court declines to address Defendant's alternative arguments that dismissal is appropriate because Plaintiff's state law claims are

preempted by the express preemption provision of the Medicare Act and under the conflict preemption doctrine.

### III.     CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED (ECF No. 25).  As the matter was properly removed to this Court, Plaintiff's Motion to Remand to State Court is DENIED (ECF No. 16).

It is further ORDERED AND ADJUDGED that this matter is DISMISSED WITHOUT PREJUDICE to allow Plaintiff to pursue its administrative remedies under the Medicare Act. The Clerk of Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>10th</u> day of December, 2014.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record